**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON, ESQ. [SBN 175650]
ron.marron@gmail.com
MAGGIE K. REALIN, ESQ. [SBN 263639]
maggie.realin@yahoo.com
SKYE RESENDES, ESQ. [SBN 278511]
skyer@san.rr.com
3636 Fourth Avenue, Ste. 202
San Diego, CA  92103
Telephone:     619-696-9006
Facsimile:     619-564-6665

*Attorneys for Plaintiff Kim Allen*
*and all others similarly situated*

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM ALLEN, an individual, on behalf of herself and all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>NELSONS;<br>A. NELSONS & Co. Ltd.<br><br>  Defendants. | CASE NO. **'12CV0495 L    NLS**<br><br>CLASS ACTION<br><br>**COMPLAINT FOR:**<br><br>1. **VIOLATION OF CALIFORNIA CONSUMER LEGAL REMEDIES ACT [CAL. CIV. CODE § 1750,** *et. seq.***]; and**<br><br>2. **VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW [CAL. BUS. & PROF. CODE § 17200,** *et. seq.***]**<br><br>3. **VIOLATION OF THE FALSE ADVERTISING LAW [CAL. BUS. & PROF. CODE §§ 17500,** *et seq.***]**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Kim Allen ("Plaintiff"), by and through her attorneys of record, brings this action on behalf of herself, and all others similarly situated, and the general public ("Plaintiffs")

1

against defendant Nelsons and Nelson & Co. Ltd. ("Defendants").  Plaintiffs allege the following upon their own knowledge, or where there is no personal knowledge, upon information and belief and the investigation of their counsel:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act of 2005, as a matter in controversy that exceeds the sum of $5,000,000.00, exclusive of costs and interest, and a class action where Plaintiff, a member of the class, is from a different state than Defendants.  On information and belief, more than two-thirds of the members of the class of plaintiffs are citizens of a state different from the Defendants.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

2. Personal jurisdiction derives from the fact that the Defendants conduct business within the State of California and within this judicial district.

3. Venue is proper within this district pursuant to 28 U.S.C. § 1391(b)(2) because many of the acts and transactions, occurred in this district and because Defendants:

(i) are authorized to conduct business in this district and have intentionally availed themselves to the laws and markets within this district through the promotion, marketing, distribution and sale of their products in this district;

(ii) do substantial business in this district;

(iii) advertise to consumers residing in this district; and

(iv) are subject to personal jurisdiction in this district.

## PARTIES

4. On information and belief, at all times relevant to this matter Defendants Nelson and A. Nelsons & Co. Ltd. was a corporation headquartered in London, England, with a U.S. headquarters located at 21 High Street, Suite 302, North Andover, Massachusetts.

5. At all times relevant herein, Defendants advertised, marketed, distributed, and sold the Products to consumers in the United States, transacting business in this district and

throughout the United States.

6. At all times relevant to this matter, Plaintiff resided, and continues to reside, in Sarasota, Florida. Members of the putative Class reside in Florida, California and all other states of the United States. During the Class period, Plaintiff was exposed to and saw Defendants' claims about the Products, purchased Defendants' Products in reliance on those claims, and suffered injury in fact as a result of Defendants' unfair competition as described herein.

7. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned each of the Defendants' employees was the agent, servant and employee of Defendants, acting within the purpose and scope of said agency and employment.

## INTRODUCTION

8. This is a consumer protection class action, addressing the products from Defendants' Bach Flower Remedies line, including, but not limited to Bach Original Flower Essences Crab Apple, Bach Mustard Flower Remedy, Bach Rescue Remedy Natural Stress Relief (collectively, "the Products" or "Bach Flower Remedies"):

9. Bach Flower Remedies were developed in the early 20th century by Edward Bach, a British physician. After research into immunology, Dr. Bach developed an interest in homeopathy, and joined the laboratories of the Royal London Homoeopathic Hospital in 1919. In 1928 he began work on his own remedies made from plants.

10. Between 1928 and 1935, Dr. Bach devised 38 new remedies, almost all of which were made from flowers, and he also proposed a combination of some of these remedies which he called the "Rescue Remedy." He propounded these remedies as a means of counteracting various negative states of mind, such as fear, anxiety, uncertainty, insufficient interest in present circumstances, loneliness, and oversensitivity, among others.

11. Dr. Bach believed in a holistic form of emotional healing where his 38 flower remedies were to correspond to 38 negative emotional states and assist the body in healing itself by providing "a positive emotional state that is conducive to the restoration of a healthy equilibrium and by acting to catalyze an individual's own internal resources for maintaining

3

*Allen v. Nelsons and A. Nelsons & Co. Ltd.*
CLASS ACTION COMPLAINT

balance." According to Dr. Bach, the restoration of balance could be used for treating any medical condition; however Bach Flower Remedies are commonly used for psychological problems and stress. Only flowers that grow naturally in the wild are suitable for preparation. Bach Flower Remedies are prepared by in two ways following Dr. Bach's precise directions: the sun method and the boiling method. In the sun method, fully opened flower heads still fresh with dew are floated on the surface of pure spring water in a glass bowl and left for a few hours in the sunshine, whereas in the boiling method, used for trees and bushes, the branches and leaves are boiled in water for half an hour. In both methods, the plant matter is removed, and, according to Dr. Bach, the water retains the vibrations or energy of the flower. The liquid, called the mother tincture, is filtered and mixed with brandy, which acts as a preservative.

12. The Products come in the forms of 2 ml blister-pack ampules, 20 ml bottles with the dropper, pastilles, 20 ml oral sprays, creams, lip protectors, liquid melts and others.

## FACTS

**Bach Original Flower Essences Crab Apple ("Crab Apple")**




13. During the Class Period defined herein, Plaintiff Allen purchased a 20 ml bottle of Crab Apple from the Granary Store, now doing business as Earth Origins, located on Stickney Point Road in Sarasota, Florida. Ms. Allen's individual Crab Apple purchases were approximately $15.

4

14. Nelsons advertises Crab Apple as a product which "helps [the consumer] accept [his/her] physical imperfections and feel better about the way [they] are."

15. In purchasing Crab Apple, Plaintiff relied upon various representations Defendants made on the label of Crab Apple that the product is effective in relieving stress and nervous tension. Specifically, Plaintiff read, believed and relied upon Defendants' label claims including, "For naturally occurring nervous tension," "For relief of naturally occurring nervous tension," among other representations.

16. The purported active ingredient of this product is "*Malus Pumila*." However, this active ingredient, even if it were otherwise effective, it is so greatly diluted as to be effectively non-existent in the product, such that the product is ineffective for its intended uses.

17. The product failed to work for Plaintiff as advertised on the product's label and elsewhere.

18. Absent the misstatements described herein, Plaintiff would not have purchased Crab Apple.

19. Plaintiff seeks justice for herself and for similarly-situated consumers of Crab Apple by means of this action to enjoin the ongoing deceptive practices described herein.

**Bach Mustard Flower Remedy (Mustard Flower)**




20. During the Class Period defined herein, Plaintiff Allen purchased a 2ml blister-pack of Mustard Flower from the Granary Store, now doing business as Earth Origins, located on

1  Stickney Point Road in Sarasota, Florida.  Ms. Allen's individual Mustard Flower purchases
2  were at least $3.99.
3      21.  Defendants advertise Mustard Flower as a "natural alternative to bring back joy
4  and cheerfulness when gloom descends for no obvious reason."
5      22.  In purchasing Mustard Flower, Plaintiff relied upon various representations
6  Defendants made on the label of Mustard Flower that the product is effective in lifting up the
7  spirits of an individual who experiences sudden onset of depression or gloom.  Specifically,
8  Plaintiff relied on Defendants' representation on the product's label that Mustard Flower should
9  be taken "To bring back joy and cheerfulness."
10     23.  The purported active ingredient in this product is "*Sinapis arvensis*."  As with
11 Crab Apple, the active ingredient, even if it were otherwise effective, is so greatly diluted as to
12 be effectively non-existent in the product, such that the product is ineffective for its intended
13 uses.
14     24.  The product failed to work for Plaintiff as advertised on the product's label and
15 elsewhere.
16     25.  Absent the misstatements described herein, Plaintiff would not have purchased
17 Mustard Flower.
18     26.  Plaintiff seeks justice for herself and for similarly-situated consumers of Mustard
19 Flower by means of this action to enjoin the ongoing deceptive practices described herein.
20 **Bach Rescue Remedy Natural Stress Relief ("Rescue Remedy")**



*Allen v. Nelsons and A. Nelsons & Co. Ltd.*
CLASS ACTION COMPLAINT

27. During the Class Period defined herein, and on several occasions, Plaintiff Allen purchased Rescue Remedy in the form of a 20 ml bottle, 2ml blister-pack and a small tin of pastilles from the Granary Store, now doing business as Earth Origins, located on Stickney Point Road in Sarasota, Florida. Ms. Allen's Rescue Remedy purchases totaled approximately $40.00.

28. Defendants advertise Rescue Remedy as "the natural alternative to manage everyday stress," "to help restore inner calm and control" when dealing with stressful situations.

29. In purchasing Rescue Remedy, Plaintiff relied upon various representations Defendants made on the label of Rescue Remedy that the product is effective in relieving occasional stress. Specifically, Plaintiff read, believed and relied upon Defendants' label claims including, "rescue remedy is the natural alternative to manage everyday stress," "100% natural and non-habit forming," among other representations.

30. The purported active ingredients of Rescue Remedy are "*Helianhemum nummularium*," "*Clematis vitalba*," "*Impatiens glandulifers*," "*Prunus cerasifera*" and "*Ornithogalum umbellatum*." However, as with Crab Apple and Mustard Flower, the active ingredients, even if they were otherwise effective, are so greatly diluted as to be effectively non-existent in the product, such that the product is ineffective for its intended uses.

31. The product failed to work for Plaintiff as advertised on the product's label and elsewhere.

32. Absent the misstatements described herein, Plaintiff would not have purchased Rescue Remedy.

33. Plaintiff seeks justice for herself and for similarly-situated consumers of Rescue Remedy by means of this action to enjoin the ongoing deceptive practices described herein.

**Other Bach Flower Remedies**

34. In addition to the forgoing products — Crab Apple, Mustard Flower and Rescue Remedy, Defendants offer many more homeopathic products, advertising them as effective in addressing various psychological and emotional concerns and symptoms experienced by the consumers.

35. Some of these additional Bach Flower Remedies include:

- *Agrimony*, *Centaury*, *Holly* and *Walnut* - advertised as remedies to help *Stand Your Ground*;
- *Aspen*, *Mimulus, Red Chestnut, Cherry Plum* and *Rock Rose* - advertised as remedies to help *Face Your Fears*;
- *Beech*, *Chicory, Rock Water, Vervain and Vine* - advertised as remedies to help *Live and Let Live*;
- *Cerato*, *Gentian, Gorse, Hornbeam, Scleranthus* and *Wild Oat*, advertised as remedies to help *Know Your Own Mind;*
- *Chestnut Bud*, *Clematis, Honeysuckle, Olive*, *White Chestnut* and *Wild Rose* advertised as remedies to help *Live the Day;*
- *Elm Find, Larch, Oak, Pine, Star of Bethlehem, Sweet chestnut* and *Willow* - advertised as remedies to *Joy and Hope;*
- *Heather, Impatiens* and *Water Violet* - advertised as remedies to *Reach Out for Others.*

36. Plaintiffs have purchased some of these additional Bach Flower Remedies in reliance on Defendants' representations about the products' effectiveness.  As with Crab Apple, Mustard Flower and Rescue Remedy, Defendants' remaining products purport to relieve various ailments and symptoms, but in fact are ineffective due to extremely high dilutions, the ineffectiveness of active ingredients in relieving such symptoms, or both.

37. Plaintiffs seek justice for similarly-situated consumers of Defendants' Bach Flower Remedies by means of this action to enjoin the ongoing deceptive practices described herein.

## **SPECIFIC MISREPRESENTATIONS AND MATERIAL OMISSIONS**

38. Defendants primarily advertise and promote the Products for sale through the front of pack and back of pack labeling claims.

39. Plaintiff decided to purchase the Products after she read and relied on the Products' package claims, including, "For naturally occurring nervous tension," "For relief of naturally occurring nervous tension," "natural alternative to bring back joy and cheerfulness when gloom descends for no obvious reason," "To bring back joy and cheerfulness," "natural alternative to manage everyday stress."

40. Defendants also use the web site, www.nelsonsnaturalworld.com, to advertise and promote their Products.

41. For example, Crab Apple is promoted on Defendants' website as **"[T]he remedy of cleansing**. For those who feel as if they have something not quite clean about themselves. Often it is something of apparently little importance: in others there may be more serious disease which is almost disregarded compared to the one thing on which they concentrate. In both types they are **anxious to be free** from the one particular thing which is greatest in their minds and which seems so essential to them that it should be cured. They become despondent if treatment fails. Being a cleanser, **this remedy purifies wounds** if the patient has reason to believe that some poison has entered which must be drawn out."

42. Further, Mustard Remedy is promoted on Defendants' website as the remedy for "Those who are liable to **times of gloom, or even despair**, as though a cold dark cloud overshadowed them and **hid the light and the joy of life**. It may **not be possible to give any reason** or explanation for such attacks. Under these conditions it is almost **impossible to appear happy or cheerful.**"

43. Rescue Remedy is advertised and promoted as "a **unique combination of five Bach® Original Flower Remedies** all working on **emotional imbalances** associated with **daily stressful situations**: *Rock Rose* – for **terror and panic**, *Impatiens* - for **irritation and impatience**, *Clematis* - for **inattentiveness and to counteract faintness**, *Star of Bethlehem* - for **shock**, and *Cherry Plum* - for **irrational thoughts and lack of self control**.

44. Through Defendants' marketing campaign and package labeling, Defendants claim that the Products can and should be used for support to stay positive, calm, balanced or regain positive self-image and control.

45. This action addresses the advertisements Defendants have made and continue to make about their Products, intended to "help [consumers] manage the ups and downs of everyday life," "overcome everyday bad feelings." Remedies are divided into the seven emotional categories, such as "Find Joy and Hope," "Face Your Fears," "Know Your Own Mind," "Reach Out to Others," "Stand Your Ground," "Live and Let Live" and "Live the Day." The consumer chooses an emotional state he or she needs help with and picks the corresponding

Flower Remedy, which is allegedly designed to help with that emotional state. The Products are advertised for everybody, including pregnant women at various stages of the pregnancy and labor, new moms, children and even pets or plants.

46. To further promote their Products, Defendants use professionally designed and eye-pleasing store displays of Bach Flower Remedies, with racks of vials and a chart indicating what remedies to use for which particular ailments, serving as a very specific "prescriptions" for each ailment. In addition, some stores sell the books published by the Bach company, as well as Bach brochures, which describe different flower essences and how they work for the specific problem.

47. Defendants further reinforce their deceptive message that Rescue Remedy is effective, by listing the "celebrity fans" that allegedly use it, claiming that "Rescue Remedy is becoming as much of a celebrity essential as Louis Vuitton handbag and Dolce and Gabbana sunglasses!" According to the Defendants, the "devoted users" of Rescue Remedy allegedly include celebrities such as Jennifer Aniston, Victoria Beckham, Cate Blanchett, Emma Watson and Dr. Oz, among others.

48. Defendants claim that the Products contain "morning dew drops collected from a specific flower petal and preserved in an alcohol base." Bach Flower Remedies are often labeled as homeopathic because they are extremely diluted in water, but are not true homeopathy, as they do not follow other homeopathic percepts such as the law of similars. In fact, Bach Flower Remedies are considered vibrational remedies, an alternative therapy based on the belief that illness is caused by energy imbalances.

49. However, there is no scientific evidence that the energy fields that vibrational medicine is based upon exist, and therefore vibrational medicine is generally viewed as pseudoscience, not recognized in medical academia.

50. Defendants' labeling and advertising claims are false and deceptive because they claim that the Products are effective in relieving various ailments and symptoms, where in fact, just like homeopathic products, any active ingredients in Bach Flower Remedies, even if they

10

were otherwise effective, are so greatly diluted as to be effectively non-existent in the product, such that the product is ineffective for its intended uses.

51. Defendants' labeling and advertising claims are false and deceptive because there are no scientific studies that substantiate Defendants' claims. Conversely, a systematic review of 181 citations to English and German-language studies regarding Bach Flower Remedies' efficacy demonstrates that Bach Flower Remedies are not more efficacious than a placebo[1].

52. Specifically, the systematic review of literature concludes that three randomized controlled trials (RCTs) of Bach Flower Remedies for students with examination anxiety did not detect any differences between Bach Flower Remedies and a placebo. The best available evidence was a RCT conducted in the Unites States, which included 111 randomized nursing students. Two other RCTs, with fewer participants and higher risk of bias, were conducted in Germany and England. All three studies concluded that Defendants' Products "showed no overall benefit in comparison to placebo.["2]

53. Likewise, one RCT for children with attention-deficit hyperactivity disorder "showed no overall benefit in comparison to placebo.["3]

54. A systematic review of Bach Flower Remedies published in 2002 concluded Bach Flower Remedies are not clinically different from a placebo for overdue birth, examination anxiety or depression.[4]

/ / /

---

[1] *Bach Flower Remedies for Psychological Problems and Pain, a Systematic Review*, conducted by A. Kaminski, A. Chapman and G. Gartlehner from the Department for Evidence-Based Medicine and Clinical Epidemiology at Danube University in Krems, Austria, and T. Langley from Ludwig Boltzmann Institute for Health Technology Assessment in Vienna, Austria; published online on May 26, 2009, accessible at http://www.ncbi.nlm.nih.gov/pmc/articles/PMC2695424/?tool=pmcentrez
[2] *Id.*
[3] *Id.*
[4] *Id.* See also "*Flower Remedies*" – *a Systematic Review of the Clinical Evidence*, conducted at Institute of Health & Social Care Research, Peninsula Medical School, Universities of Exeter & Plymouth in England, December 30, 2002, accessible at http://www.ncbi.nlm.nih.gov/pubmed/12635462.

55. Defendants' labeling and advertising claims are false and deceptive because there are no credible scientific studies for Defendants' claims that Bach Flower Remedies relieve anxiety, stress, or any other psychological problems and pain.

56. Thus, Defendants know that there are no active ingredients present in their Products and therefore must be aware that Bach Flower Remedies do not relieve any of the symptoms and ailments they are advertised for.

57. To induce consumers to purchase the Products, Defendants have disseminated, or caused to be disseminated, advertisements for the Products, touting the benefits of the Products as effective in relieving various psychological and emotional problems and symptoms associated with those problems.

58. Defendants are selling the Products for approximately $3.99 to $17.99 per package depending on the package size and form, even though they know that their Products are not more efficacious than a placebo. These unfair and deceptive practices have enriched defendants to the tune of tens of millions of dollars at the expense of thousands of Americans.

59. For all the aforementioned reasons, Defendants' marketing, advertising and labeling is ineffective for its claimed uses.

60. Plaintiff brings this action on behalf of herself and all other similarly situated consumers in the United States, to halt the dissemination of Defendants' deceptive and false advertising message about the Products, and to correct the false and misleading perception it has created in the minds of consumers who have purchased the Products. Plaintiff alleges violations of the Consumer Legal Remedies Act (Cal. Civ. Code § 1750, et seq.), Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, et seq.) and False Advertising Law (Cal. Bus. & Prof. Code § 17500, et seq.)

**CLASS ACTION ALLEGATIONS**

42. The Class is defined as: All persons in the United States who purchased one or more of the Products from January 1, 2002 to the present ("Class Period") for personal or household use, and not for resale or distribution purposes. Excluded from the Class are

12

1  governmental entities, Defendants, any entity in which Defendants have a controlling interest,
2  and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators,
3  successors, subsidiaries, assigns, shareholders, marketing consultants, licensees, distributors, and
4  agents. Also excluded from the Class is any judge, justice, or judicial officer presiding over this
5  matter and the members of their immediate families and judicial staff.
6      Or, in the alternative,
7      All persons located within any state that has consumer protection statutes which do not
8  materially differ from California's consumer protection statutes, who purchased the Products,
9  from January 1, 2002 to the present ("Class Period"), for personal or household use, and not for
10 resale or distribution purposes (the "Class"). Excluded from the Class are governmental entities,
11 Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers,
12 directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries,
13 assigns, shareholders, marketing consultants, licensees, distributors, and agents. Also excluded
14 from the Class is any judge, justice, or judicial officer presiding over this matter and the
15 members of their immediate families and judicial staff.
16     And/or, in the alternative,
17     All persons located within California who purchased the Products from January 1, 2002
18 to the present ("Class Period"), for personal or household use, and not for resale or distribution
19 purposes (the "Class"). Excluded from the Class are governmental entities, Defendants, any
20 entity in which Defendants have a controlling interest, and Defendants' officers, directors,
21 affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, assigns,
22 shareholders, marketing consultants, licensees, distributors, and agents. Also excluded from the
23 Class is any judge, justice, or judicial officer presiding over this matter and the members of their
24 immediate families and judicial staff.
25     43.    The persons in this class are so numerous that the joinder of all such persons is
26 impracticable and that the affecting the plaintiff class in that all plaintiffs commonly contend
27 that:
28

13
*Allen v. Nelsons and A. Nelsons & Co. Ltd.*
CLASS ACTION COMPLAINT

(a) whether Defendants had adequate substantiation for their claims prior to making them;

(b) whether the claims discussed above are true, misleading, or reasonably likely to deceive;

(c) whether Defendants' alleged conduct violates public policy;

(d) whether the alleged conduct constitutes violations of the laws asserted herein;

(e) whether Defendants engaged in false or misleading advertising;

(f) whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

These questions of law and fact predominate over questions that affect only individual class members.

44. Plaintiff's claims are typical of those of the Class and they will fairly and adequately represent the interests of the Class. Plaintiff will serve as adequate class representative. Plaintiffs' counsel is highly experienced in complex consumer class action litigation, and will vigorously represent the best interests of the class. Plaintiff has no adverse or antagonistic interests to those of the Class.

45. Class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. The trial and the litigation of Plaintiffs' claims is manageable.

46. Unless a class-wide injunction is issued, Defendants will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

47. Defendants have acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief with respect to the Class as a whole.

/ / /

/ / /

## FIRST CAUSE OF ACTION

### For Violations of the California Consumers Legal Remedies Act – California Civil Code §1750 *et seq.*

### On Behalf of Plaintiff and the Class

48. Plaintiff repeats, re-alleges and incorporates by reference each and every allegation contained above as if fully set forth herein.

49. This cause of action is brought pursuant to the California Consumers Legal Remedies Act, Civil Code § 1750, *et seq.* ("CLRA"). Plaintiff is a consumer as defined by California Civil Code § 1761(d). The Products are goods within the meaning of the CLRA.

50. Defendants violated and continue to violate the CLRA by engaging in the following practices proscribed by Section 1770(a), in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of the Products:

(a) Representing that the Products have characteristics, uses or benefits which they do not have;

(b) Representing that the Products are of a particular standard, quality or grade if they are of another;

(c) Advertising the Products with intent not to sell them as advertised;

(d) Representing that the Products have been supplied in accordance with a previous representation when they do not.

51. Defendants violated the CLRA by making the representations and claims for the Products, as described above, when it knew, or should have known, that the representations and advertisements were unsubstantiated, false and misleading.

52. Plaintiff and other members of the Class reasonably relied upon the Defendants' representations as to the quality and attributes of the Products.

53. Plaintiff and other members of the Class were deceived by Defendants' representations about the quality and attributes of the Products, including but not limited to defeating stress, anxiety, fear and everyday stress, when the Products have no ability to cause

any such benefits.

54. Plaintiff and other Class members would not have purchased the Products had they known Defendants' claims were either unfounded or untrue, and the true nature of the Products.

55. Pursuant to California Civil Code §1782(d), Plaintiff and the Class seek a Court order enjoining the above-described wrongful acts and practices of defendant.

## SECOND CAUSE OF ACTION

**Unlawful Business Acts and Practices in Violation of California Business & Professions Code Section 17200, *et seq*., On Behalf of Plaintiff and the Class**

56. Plaintiff repeats, re-alleges and reincorporates the allegations contained in the paragraphs above, as is fully set forth herein.

57. Business & Professions Code Section 17200 prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." For the reasons discussed above, Defendant has engaged in unlawful business acts or practices by, among other things, making misrepresentations and omissions of material facts, as set forth more fully above, and violating, among other statutes, Civil Code, Sections 1572, 1573, 1709, 1710, 1711, 1770, Business & Professions Code, Section 17200 *et seq*., and the common law.

58. Plaintiff and the Class reserve the right to allege other violations of law which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

59. Defendants' acts, omissions, misrepresentations, practices and non-disclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of Business & Professions Code Section 17200 *et seq*. in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

60. As stated in this Complaint, Plaintiff alleges violations of consumer protection, unfair competition and truth in advertising laws resulting in harm to consumers. Plaintiff asserts

violations of the public policy of engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers.

61. There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

62. Defendants' claims, nondisclosures and misleading statements, as more fully set forth above, were also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code, Section 17200, and actually *did* deceive Plaintiff.

63. Defendants' labeling, website and other advertisements, as described herein, also constitute unfair, deceptive, untrue and misleading advertising.

64. Defendants' conduct caused and continues to cause substantial injury to Plaintiff and the other Class members. Plaintiff has suffered injury in fact as a result of Defendants' unfair conduct.

65. Defendants have thus engaged in unlawful, unfair and fraudulent business acts and practices and false advertising, entitling Plaintiff to injunctive relief against Defendants, as set forth in the Prayer for Relief.

66. Additionally, pursuant to Business & Professions code, Section 17203, Plaintiff seeks an order requiring Defendants to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendants to engage in a corrective advertising campaign.

## THIRD CAUSE OF ACTION

**False Advertising in Violation of California Business & Professions Code Section 17500, *et seq*., On Behalf of Plaintiff and the Class**

67. Plaintiff repeats, re-alleges and incorporates by reference each and every allegation contained above as if fully set forth herein.

68. Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact as a result of Defendants' actions as set forth herein. Specifically, prior to the filing of this action, Plaintiff purchased the Products in reliance upon Defendants' marketing claims. Plaintiff used

the Products as directed, but the Products have not worked as advertised, nor provided any of the promised benefits.

69. Defendants' business practices as alleged herein constitute unfair, deceptive, untrue, and misleading advertising pursuant to California Business and Professions Code section 17500, *et seq*. because Defendants have advertised Crab Apple, Mustard Flower, Rescue Remedy and other Bach Flower Remedies in a manner that is untrue and misleading, and that is known to be untrue or misleading.

70. Defendants' wrongful business practices have caused injury to Plaintiff and the Class.

71. Pursuant to section 17535 of the California Business and Professions Code, Plaintiff and the Class seek an order of this court enjoining Defendants from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth in the complaint.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of herself and all other similarly situated and the general public, prays for a judgment against Defendants on each cause of action:

A. An order declaring this action to be a proper Class Action and requiring Defendants to bear the costs of class notice;

B. An order awarding declaratory and injunctive relief as permitted by law or equity, including; enjoining defendant from continuing the unlawful practices as set forth herein;

C. An order compelling Defendants to engage in a corrective advertising campaign to inform the public concerning the true nature of the Products;

A. An order awarding attorneys' fees and costs to Plaintiff.

B. An order providing for all other such equitable relief as may be just and proper.

/ / /

/ / /

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: February 28, 2012

                                    THE LAW OFFICES OF RONALD A. MARRON, APLC

                                    /s/ Ronald A. Marron
RONALD A. MARRON
3636 Fourth Avenue, Suite 202
San Diego, CA 92103
Telephone: 619/696-9006
Facsimile: 619/564-6665
ATTORNEYS FOR PLAINTIFFS

≋JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KIM ALLEN, an individual, on behalf of herself and all others similarly situated

**DEFENDANTS**
NELSONS; A. NELSONS & Co. Ltd.

(b) County of Residence of First Listed Plaintiff: Florida
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Massachusetts
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Law Offices of Ronald A. Marron
3636 Fourth Ave., San Diego, CA 92103, 619.696.9006

Attorneys (If Known)

'12CV0495 L    NLS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 (aef) | ☒ 2 (aef) | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 (aef) |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1332(d)(2) - 28:1331 Fed. Question (aef)
Brief description of cause:
Violation of CA Consumer Legal Remedies Act, False Advertising Law & Unfair Competition Law

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 02/28/2012
SIGNATURE OF ATTORNEY OF RECORD: *Ronald A. M.*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____