1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENA RUSZECKI, on behalf of herself, all others similarly situated, and the general public, | Case No.  12-cv-495-L(NLS) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS THE THIRD AMENDMENT COMPLAINT [DOC. 9; ]** |
| v. | |
| NELSON BACH USA LTD., | |
| Defendant. | |

    This putative class action arises from Plaintiff's allegations that Defendant manufactured and falsely advertised ineffective homeopathic remedies.  Defendant now moves to dismiss some claims in the Third Amended Complaint ("TAC") under Federal Rule of Civil Procedure 12(b)(6).  Plaintiff opposes.

    The Court finds this motion suitable for determination on the papers submitted and without oral argument.  *See* Civ. L.R. 7.1(d.1).  For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss.

//
//
//
//

## I.   BACKGROUND

Defendant[1] Nelson Bach USA Ltd. ("Nelson Bach") allegedly markets, distributes, and sells homeopathic products throughout the United States.  (TAC ¶ 8, ECF No. 98.)  Plaintiff[2] Gena Ruszecki ("Ruszecki") alleges on behalf of herself, and all others similarly situated, that Nelson Bach falsely represents that its "Original Rescue Remedy Drops (10ml and 20ml), Rescue Remedy Spray (7ml and 20ml), Rescue Cream, Rescue Pastilles, Rescue Sleep Melts, and all iteration/variations" of these products (collectively, the "Products") provide health benefits and have been proven effective, when they are not approved by the FDA.  (*Id.* ¶¶ 8, 28, 36-37.)  Further, Nelson Bach allegedly labels these products as "natural" when they contain artificial or synthetic ingredients.  (TAC ¶ 35.)

Plaintiffs allege seven causes of action in the TAC: (1) violation of California Consumers Legal Remedies Act ("CLRA"); (2) violation of California Unfair Competition Law; (3) violation of California False Advertising Law ("FAL"); (4) breach of express warranty; (5) breach of implied warranty of merchantability; (6) violation of the Magnuson-Moss Warranty Act ("MMWA"); and (7) unjust enrichment.

Nelson Bach now moves to dismiss Ruszecki's CLRA, FAL, and UCL claims based on lack of standing to bring claims for products she did not purchase, and argues that the unpurchased products are not substantially similar to the products Ruszecki purchased.  (Def.'s Mot. 7-13.)  Nelson Bach also argues that Ruszecki's MMWA claim must be dismissed because she failed to establish the statements on the products satisfy the MMWA's definition of a written warranty.  (*Id.* 13-17.)

---

[1] Multiple defendants were named in the original complaint, but Nelson Bach is the only defendant named in the operative Third Amended Complaint.

[2] The TAC contains multiple named plaintiffs.  However, only Ruszecki's individual and class claims remain, as the rest of the named plaintiffs have voluntarily dismissed their individual claims.  (Notice of Voluntary Dismissal, ECF No. 62; Notice of Voluntary Dismissal, ECF. No. 89; Order Granting Motion to Set Aside Dismissal, ECF No. 91).

1  Lastly, Nelson Bach contends that Ruszecki's CLRA claim with respect to three
2  products and numerous alleged violations must be dismissed for failure to comply
3  with the CLRA's notice requirement.  (*Id*. 17-20.)

4

5  **II.    LEGAL STANDARD**

6      **A.    Motion to Dismiss for Failure to State a Claim**

7          The court must dismiss a cause of action for failure to state a claim upon which
8  relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule
9  12(b)(6) tests the legal sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729,
10  732 (9th Cir. 2001).  The court must accept all allegations of material fact as true and
11  construe them in light most favorable to the nonmoving party.  *Cedars-Sinai Med.*
12  *Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).
13  Material allegations, even if doubtful in fact, are assumed to be true.  *Bell Atl. Corp.*
14  *v. Twombly*, 550 U.S. 544, 555 (2007).  However, the court need not "necessarily
15  assume the truth of legal conclusions merely because they are cast in the form of
16  factual allegations."  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139
17  (9th Cir. 2003) (internal quotation marks omitted).  In fact, the court does not need
18  to accept any legal conclusions as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

19          "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not
20  need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of
21  his 'entitlement to relief' requires more than labels and conclusions, and a formulaic
22  recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at
23  555 (internal citations omitted).  Instead, the allegations in the complaint "must be
24  enough to raise a right to relief above the speculative level."  *Id*.  Thus, "[t]o survive
25  a motion to dismiss, a complaint must contain sufficient factual matter, accepted as
26  true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678
27  (citing *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff
28  pleads factual content that allows the court to draw the reasonable inference that the

1 | defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not
2 | akin to a 'probability requirement,' but it asks for more than a sheer possibility that
3 | a defendant has acted unlawfully." *Id.* A complaint may be dismissed as a matter of
4 | law either for lack of a cognizable legal theory or for insufficient facts under a
5 | cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th
6 | Cir. 1984).

7 | Generally, courts may not consider material outside the complaint when ruling
8 | on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d
9 | 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the
10 | complaint whose authenticity is not questioned by parties may also be considered.
11 | *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statutes on
12 | other grounds). Moreover, the court may consider the full text of those documents,
13 | even when the complaint quotes only selected portions. *Id.* It may also consider
14 | material properly subject to judicial notice without converting the motion into one
15 | for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

## III.   DISCUSSION

### A.   Ruszecki has standing to assert claims as to unpurchased products that are substantially similar to purchased products.

With respect to her CLRA, FAL, and UCL claims, Ruszecki alleges that she purchased two of Nelson Bach's products, Rescue Remedy drops and Rescue Sleep melts. (TAC, ¶ 45.) She also includes five of Nelson Bach's other products that she never purchased in her putative class definition. (*Id.* ¶¶ 42-46, 49, 54, 57-58, 65-66, 70, 76-77, 82, 88-91, 100-104.) Nelson Bach moves to dismiss Ruszecki's claims for damages under the CLRA, FAL, and UCL, arguing that Ruszecki lacks standing with respect to products she did not purchase. (*See* Def.'s Mot. 7-10.) Ruszecki counters that Nelson Bach's motion is untimely and that she otherwise has standing to bring claims for unpurchased products that are substantially similar to the products she purchased. (Pl.'s Opp'n 6, ECF No. 106.)

District courts in the Ninth Circuit disagree on whether class representatives have standing to bring claims for unpurchased products. *Aguilar v. Boulder Brands*, *Inc.*, No. 12CV01862, 2013 WL 2481549, at *2 (S.D. Cal. June 10, 2013). Some district courts allow only a narrow scope of claims a plaintiff may bring in a class action. For instance, in *Johns v. Bayer Corp.*, the court held plaintiff had no standing for claims based on a health supplement plaintiff did not purchase because the particular misrepresentation that the plaintiff relied on was not present on the unpurchased product. *Johns*, No. 09CV1935, 2010 WL 476688, at *5 (S.D. Cal. Feb. 9, 2010).

Other courts, however, find that when a plaintiff otherwise has standing to bring UCL and CLRA claims for products she actually purchased, "the issue of whether a [that plaintiff] may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation." *Cardenas v. NBTY, Inc.*, 870 F. Supp. 2d 984, 992 (E.D. Cal. 2012)(citations omitted); *Aguilar*, 2013 WL 2481549, at *2; *Bruno v. Quten Research Inst.*, LLC, 280 F.R.D. 524, 530 (C.D. Cal. 2011). The *Cardenas* court refused to grant a motion to dismiss based on a standing argument that plaintiff had not purchased all the products in the complaint, and explained that this issue was better addressed under Rule 23 because she had sufficiently alleged that all of the relevant products that shared similar ingredients and representations. *Cardenas*, 870 F. Supp. 2d at 992.

Ruszecki's claims analogize closely with those in *Cardenas* and *Aguilar*. Ruszecki's alleged injuries resulted from purchased products are similar in nature to the unpurchased products because they have similar ingredients, purported health benefits, and misrepresentations on their labels and packaging. Each of the products contains the same five active ingredients[3]. (TAC, ¶¶ 42, 54-55, 65, 76, 90, Ex. 1-2.)

---

[3] Ruszecki also requests this Court take judicial notice of court documents and product packaging that was attached to the TAC. (RJN, ECF No. 99-2.) The Court **GRANTS** this

In addition, all the product packaging at issue appears to be part of the same "natural" stress and anxiety relief advertising campaign. *See id*. And, unlike the plaintiff in *Johns*, Ruszecki's alleged injuries resulted from Nelson Bach's stress relief advertising campaign that was employed on the unpurchased products as well those she purchased.

In light of the foregoing, Ruszecki's ability to represent class members injured by similar products should be analyzed under Rule 23, not a motion to dismiss. Therefore, Nelson Bach's motion to dismiss for lack of standing[4] is **DENIED**.

### B.   Ruszecki established Nelson Bach's products contain written warranties under the MMWA.

Nelson Bach next moves to dismiss Ruszecki's MMMWA claim, arguing the statements on Nelson Bach's products are not written warranties under the MMWA, and thus, she is unable to establish breach under the MMWA. (Def.'s Mot. 13-15.) Specifically, Nelson Bach argues that the statements on its product labels are not guarantees of performance but merely "product descriptions" and "indications of use" that do not satisfy the MMWA's narrow definition of a written warranty. (*Id*. 15.) Ruszecki counters that the products' factual affirmations and promises to relieve stress relate to the nature of the material comprising the products and warrant a specified level of performance, and therefore, these statements constitute written warranties. (Pl.'s Opp'n 12-14.) This Court agrees with Ruszecki.

Under the MMWA, a written affirmation of fact or promise must "relate to nature of the material or workmanship" of the product and guarantee that the product

---

unopposed request.

[4] Nelson Bach also appears to argue that Ruszecki is estopped from arguing that she has standing here because her attorney has argued that another plaintiff in another related action in state court does not have standing because that plaintiff did not purchase the defendant's product. Nelson Bach presents no authority, nor is the court aware of any, that supports this position.

is "defect free or will meet a specified level of performance over a specified period of time" to constitute a written warranty. 15 U.S.C. § 2301(6)(A). Thus, statements merely describing the materials contained in a product are not considered written warranties under the MMWA, as such statements do not guarantee performance or lack of defects. *Littlehale v. Hain Celestial Group, Inc.*, No. C 11-6342 PJH, 2012 WL 5458400, *1 (N.D. Cal. July 2, 2012). Statements labeling products as "Pure Natural," "all natural with vitamins," "sugar free," and other claims relating to nutrition content are considered product descriptions. *Littlehale*, WL 5458400, *1; *Hairston v. S. Beach Beverage Co., Inc.*, CV-12-1429-JFW (DTBx), 2012 WL 1893818, *5-6 (C.D. Cal. July, 2, 2012); *Ivie v. Kraft Foods Global, Inc.*, No. C-12-02554-RMW, 2013 WL 685372, at *14 (N.D. Cal. Feb. 25, 2013). Statements indicating when or how to use a product, such as "designed to act more like breast milk," have similarly been held to be merely descriptive statements. *Route v. Mead Johnson Nutrition Co.*, No. CV 12-7350-GW(JEMx), 2013 WL 658251, at *7 (C.D. Cal. Feb. 21, 2013).

Alternatively, statements promising a product can effectively achieve a specific result have been considered written warranties under the MMWA. *Allen v. Hyland's Inc.*, No. CV 12-01150 DMG (MANx), 2013 WL 1748408, at *5 (C.D. Cal. Apr. 11, 2013) (holding drug product labels such as "Sleep Aid," "For Stress, Nervousness or Nervous Headache," and "Relieves Stress to Help You Sleep" constituted written warranties because they guaranteed stress relief would be performed to some degree).

The statements on Nelson Bach's product labels are more than mere product descriptions or indications of use because they guarantee the products are effective remedies for stress and anxiety. (TAC ¶ 193.) For example, Rescue Remedy Drops claim they "can reduce everyday stress and help maintain control of your health," and are "effective in virtually any situation that causes stress or anxiety." (*Id.* ¶ 193; see also TAC Ex. 1, p. 1.) Each of the other products at issue has a label affirmatively

stating that product's ability to effectively relieve stress, sleeplessness, or irritation. (*Id.*)   The statements on Nelson Bach's products, unlike statements such as "All Natural" or "designed to act more like breast milk," are not merely descriptive in nature because they go beyond describing the content of the products or telling consumers when or how to use the products.   The statements on Nelson Bach's products "guarantee a specified level of performance" by promising consumers the products will accomplish what they purport to do. 15 U.S.C. § 2301(6)(A).

Further, the foregoing statements also "relate to the nature of the material" in Nelson Bach's products.   15 U.S.C. § 2301(6)(A).   Statements affirming that the products relieve stress relate to the material contained in the products by warranting that the products have active ingredients capable of performing that function.   *See Allen*, 2013 WL 1748408, at *5.

Because the statements on Nelson Bach's products relate to the nature of the material comprising the products by implying they contain active ingredients and guarantee a specified level of performance by claiming to effectively relieve stress, the statements satisfy the statutory definition of a written warranty under the MMWA.

For the foregoing reasons, Ruszecki adequately alleged Nelson Bach's products contain written warranties under the MMWA.   Therefore, Nelson Bach's motion to dismiss Ruszecki's MMWA claim for failing to meet the statutory definition of a written warranty[5] is **DENIED**.

//

//

---

[5] Defendant relies on a range of cases holding that statements such as "All Natural" and "100% Natural" are product descriptions that do not meet the definition of a written warranty under the MMWA.  However, Plaintiff alleged such statements on Defendant's products were written warranties in the SAC, but removed these allegations from the TAC. Plaintiff no longer alleges these statements are written warranties under the MMWA in the TAC, and now only alleges the statements are warranties under the common law.

**C.**     **Ruszecki's CLRA claim is dismissed as to any product or alleged violation about which she failed to give the required notice.**

Nelson Bach next moves to dismiss Ruszecki's CLRA claims based on any products or alleged violations not explicitly mentioned in Ruszecki's CLRA letter. (Def.'s Mot. 17.)  Specifically, Nelson Bach argues that Ruszecki cannot sustain damages claims for Rescue Sleep melts, Rescue gum, or Rescue kids products because she failed satisfy the CLRA's strict notice requirement with respect to these products.  (*Id*. 17-19.)  Nelson Bach further argues that Ruszecki also failed to provide statutory notice for "particular alleged violations" of the CLRA that were not specified in her CLRA letter and therefore cannot maintain damages claims for such violations.  (*Id*. at 19-20.)  Ruszecki counters that she complied with the CLRA's notice requirement by stating "[i]n fact, all of YOUR products, not only Original Rescue Drops, have no efficacy beyond a placebo," in the notice letter.  (Pl.'s Opp'n 16; TAC, Ex. 3, 26-27.)

In an action for damages under the CLRA, the consumer must "(1) [n]otify the person alleged to have employed or committed methods, acts, or practices declared unlawful by Section 1770 of the *particular alleged violations of Section 1770* [and] (2) [d]emand that the person correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of Section 1770" at least thirty days prior to the commencement of the action.  Cal. Civ. Code § 1782(a) (emphasis added).  The purpose of the CLRA's notice requirement is "to provide and facilitate pre-complaint settlements of consumer actions wherever possible and to establish a limited period during which such settlement may be accomplished."  *Outboard Marine Corp. v. Super. Ct*., 52 Cal. App. 3d 30, 41 (1975).  Courts require strict compliance with the notice requirement in order to further this purpose.  *Allen v. Similasan Corp*., No. 12CV0376-BTM-WMC, 2013 WL 5436648, at *2-3 (S.D. Cal. Sept. 27, 2013).

Ninth Circuit courts have held that the plaintiff must provide notice for each particular product the plaintiff is seeking damages for under the CLRA, even when

the products are substantially similar.  *Frenzel v. AliphCom*, No. 14-CV-03587-WHO, 2014 WL 7387150, at *12 (N.D. Cal. Dec. 29, 2014) (dismissing plaintiff's CLRA claims based on the first generation Jawbone UP device and the third generation Jawbone UP24 device because the CLRA letter only specified he purchased the second generation Jawbone UP device).  Similarly, the plaintiff must notify the defendant of each alleged violation of the CLRA.  *Allen v. Similasan Corp*., 2013 WL 5436648, at *3 (dismissing the plaintiffs' CLRA claims based on misrepresentations such as "100% Natural," "Preservative free," "Good Manufacturing Practices," "Original Swiss Formula," and others relating to premarket regulatory approval because these allegations were not specifically raised in the notice letter).

Here, Ruszecki has not strictly complied with the CLRA's notice requirement.  Ruszecki contends that the statement in her letter "[i]n fact, all of YOUR products, not only Original Rescue Drops, have no efficacy beyond a placebo," satisfied the CLRA's notice requirement.  However, this general statement does not comport with the rigid compliance courts have consistently required under the CLRA.

First, Ruszecki made no allegations regarding Rescue Sleep melts, Rescue gum, or Rescue kids products in the CRLA letter to Nelson Bach.  It is unclear from the letter whether the statement, "all of YOUR products," refers to Nelson Bach's entire line of products or merely the other products identified in the letter aside from Original Rescue Drops.  Like in *Frenzel*, Ruszecki's letter does not expressly identify each of the products she is now claiming damages for.  Accordingly, Ruszecki cannot maintain damages claims under the CLRA for Rescue Sleep, Rescue gum, and Rescue kids products.

Second, Ruszecki omitted numerous allegedly false and misleading label claims from the letter, including "100% Natural," "All Natural Form of Healing," "Can Reduce Everyday Stress," "Fast Acting," "trusted around the world," "trusted for over 70 years" in close proximity to "Dr. Bach" and "Non-Habit Forming," and

– 10 –

alleged violations based on lack of FDA approval.  These alleged violations from the CLRA are distinct from the allegation specified in the letter that "[Nelson Bach's products] have no efficacy beyond that of a placebo," as they contend the products are not only ineffective but also artificial and not approved by the FDA.  Therefore, like in *Allen v. Similasan Corp.*, Ruszecki's claims for damages under the CLRA must be dismissed regarding the foregoing alleged violations that were not identified in the notice letter.

In light of the foregoing, the Court **GRANTS** Nelson Bach's motion and **DISMISSES WITH PREJUDICE** Ruszecki's damages claims under the CLRA insofar as they are based on products and alleged misrepresentations that were not specified in the CLRA letter.  Ruszcecki's CLRA claims survive only to the extent that the specific product and specific allegedly false and misleading label claims were identified in the letter.

## IV.    CONCLUSION & ORDER

The Court **GRANTS IN PART** and **DENIES IN PART** Nelson Bach's motion to dismiss, as specified above.  [Doc. 98.]

**IT IS SO ORDERED.**

DATED:  June 25, 2015

M. James Lorenz
United States District Judge